IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-31

No. 193A20

Filed 19 March 2021

IN THE MATTER OF: R.D.M., Z.A.M., J.M.B., and J.J.B.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) and on writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order entered on 9 March 2020 by Judge Monica M. Bousman in District Court, Wake County. This matter was calendared in the Supreme Court on 11 February 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Mary Boyce Wells for petitioner-appellee Wake County Human Services.*

*Kelsey V. Monk for appellee Guardian ad Litem.*

*Jeffrey L. Miller for respondent-appellant mother.*

*Sean P. Vitrano for respondent-appellant father.*

EARLS, Justice.

¶ 1     Respondents, the mother of the four minor children, R.D.M., Z.A.M., J.M.B., and J.J.B.,[1] and the father of the two youngest children, R.D.M. and Z.A.M.,[2] appeal from the trial court's order terminating their parental rights. Counsel for each

_____

[1] Initials are used to protect the juveniles' identities.

[2] The fathers of J.M.B. and J.J.B. are not parties to this appeal.

respondent have filed no-merit briefs pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude that the issues identified by both counsel in respondents' briefs have no merit and therefore affirm the trial court's order.

¶ 2 On 10 July 2018, Wake County Human Services ("WCHS") obtained nonsecure custody of the children and filed juvenile petitions alleging they were neglected and dependent. WCHS alleged concerns related to respondent-mother's substance use and mental health, unstable housing, injurious environment, and respondents' failure to provide for the children's needs.

¶ 3 On 22 August 2018 and 2 October 2018, the trial court entered consent orders adjudicating the children to be neglected juveniles based on stipulations by respondent-mother. On 28 November 2018, the trial court adopted a primary permanent plan of reunification with a secondary permanent plan of adoption. Respondents were ordered to enter into, and comply with, case plans addressing the reasons for the children's removal.

¶ 4 Following a 14 October 2019 permanency planning hearing, the trial court entered an order on 6 November 2019 changing the permanent plan to adoption with a secondary plan of reunification. The court found that respondents were not participating in the services ordered by the court to facilitate reunification, were not making adequate progress toward reunification, and were not cooperating with WCHS, the guardian ad litem, or the court.

¶ 5 On 18 November 2019, WCHS filed a motion to terminate respondents' parental rights on the grounds of neglect, willfully leaving the children in foster care for more than twelve months without making reasonable progress to correct the conditions that led to the children's removal, and willfully failing to pay a reasonable portion of the cost of care. Following a hearing held on 12 February 2020 and 13 February 2020, the trial court entered an order on 9 March 2020 concluding that grounds existed to terminate respondent-mother's parental rights due to neglect and willful failure to make reasonable progress, and respondent-father's parental rights due to neglect, willful failure to make reasonable progress, and willful failure to pay a reasonable portion of the cost of the children's care. The trial court further concluded that termination of respondents' parental rights was in the children's best interests. Accordingly, the trial court terminated respondents' parental rights. Respondents appealed.

¶ 6 On 16 July 2020, respondent-father filed a petition for writ of certiorari recognizing that his notice of appeal was untimely and did not contain a certificate of service. On 30 December 2020, we allowed respondent-father's petition.

¶ 7 Counsel for respondents have filed no-merit briefs on their clients' behalf under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. In their briefs, each counsel identified several issues that could arguably support an appeal but also explained why they believe those issues lack merit. Counsel also advised respondents

of their right to file a pro se brief and provided them with the documents necessary to do so. Neither respondent has submitted a pro se brief to this Court.

¶ 8     We independently review issues identified by counsel in a no-merit brief filed pursuant to Rule 3.1(e). *In re L.E.M.*, 372 N.C. 396, 402 (2019). After considering the entire record and reviewing the issues identified in the no-merit briefs, we conclude that the 9 March 2020 order is supported by clear, cogent, and convincing evidence and is based on proper legal grounds. Accordingly, we affirm the trial court's order terminating respondents' parental rights.

AFFIRMED.